ALD-140                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1753
_____

IN RE: CALEB McGILLVARY,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civil Action No. 2:25-cv-01497)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 1, 2025

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: May 12, 2025)
_____

▬▬▬▬

OPINION[*]
_____

PER CURIAM

    In February 2025, Petitioner Caleb McGillvary filed a complaint in the United

States District Court for the District of New Jersey.  He sought a declaratory judgment

under 28 U.S.C. §§ 2201 and 2202 that he qualifies for protection from removal under 8

U.S.C. § 1359 and an injunction preventing the defendants from removing him from the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

United States.  The District Court dismissed the complaint for lack of subject-matter jurisdiction.

McGillvary then filed a petition for a writ of mandamus in this Court.  He explains that the District Court Clerk erroneously characterized his complaint as a habeas petition and asks us to compel the District Court to correct the docket entry to reflect the true nature of the cause of action.

We will deny the petition.  Although McGillvary is correct that the Clerk mistakenly described an exhibit to his *complaint* as an exhibit to his *habeas petition*, see ECF No. 2, this was merely a clerical error; the error does not affect the nature of the filing.  Indeed, the District Court specifically recognized that McGillvary's filing was *not* a habeas petition under 28 U.S.C. § 2241.  Therefore, this case does not present the type of "extraordinary circumstances" in which the drastic remedy of mandamus is warranted. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).